IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BURGOS-BERRIOS,<br><br>**Plaintiff,**<br><br>v.<br><br>RENT EXPRESS BY BERRIOS, INC.,<br>*et al.*,<br><br>**Defendants.** | **CIVIL NO.** 11-1999 (JAG) |

OPINION & ORDER

Garcia-Gregory, D.J.

Pending before the Court is Rent Express's motion for summary judgment, which was referred to Magistrate Judge McGiverin for a report and recommendation. In a nutshell, the Magistrate recommended that the Court dismiss the entire complaint save for Burgos's Law 115 claim. Only Rent Express submitted objections to the Magistrate's Report. For the reasons that follow, the Court ADOPTS the Report in its entirety. Burgos's COBRA and Article 1802 claims shall be dismissed with prejudice. Furthermore, upon weighing the relevant factors, the Court declines to exercise supplemental jurisdiction over the sole remaining claim.

**DISCUSSION**

COBRA and Article 1802 Claims

As a threshold matter, the Court notes that neither party raised objections to the Magistrate's analysis regarding the COBRA and Article 1802 claims. The Court has reviewed these determinations de novo, and finds them well supported in fact and law. Accordingly, the Court ADOPTS the same, and DISMISSES Burgos's COBRA and Article 1802 claims.

Law 115 Claim

The Magistrate appeared skeptical of the Law 115 claim, noting that Burgos's only support was "a pair of musing and meandering sentences" that did not cite to legal authority. (Docket No. 65, p. 12). But Rent Express's motion for summary judgment fared no better, as it failed to provide the Magistrate with the "raw materials for an analysis on the merits." (Docket No. 65, p. 13). "Since Rent Express […] failed to show why Burgos cannot prove a prima facie case, and never state[d] any other basis for judgment on the uncontested facts," the Magistrate reluctantly -and correctly- recommended the Court deny Rent Express's motion for summary judgment on the Law 115 claim.

**CIVIL NO. 11-1999 (JAG)** 3

In the alternative, Rent Express urges the Court to decline its exercise of supplemental jurisdiction over the remaining state law claim. The Court finds this suggestion warranted under the facts of this case.

According to 28 U.S.C. § 1367(c)(3), a district court that does not sit in diversity has the discretion to dismiss a plaintiff's supplemental state claims once it has dismissed all federal claims brought by that plaintiff. This standard is met here. First, there is no diversity jurisdiction since both parties are citizens of Puerto Rico. (See Docket No. 10-1, ¶¶ 1 & 2). In addition, the foundational federal claims have been dismissed in advance of trial, leaving only a supplemental state law claim. Accordingly, the Court declines to exercise jurisdiction over Burgos's Law 115 claim. See Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992) (quoting Cullen v. Mattaliano, 690 F.Supp. 93 (D.Mass. 1988) ("[I]t is the settled rule in this Circuit that in a non-diversity case, where pendent state claims are joined with a federal cause of action and that the federal cause of action is [dismissed] ... the pendent state claims should be dismissed.")).

**CONCLUSION**

In light of the above, Judgment shall be entered dismissing Burgos' claims under COBRA and Art. 1802 with prejudice, and her Law 115 claim without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of March, 2013.

<u>S/ Jay A. Garcia-Gregory</u>

United States District Judge